May it please the court, my name is Cesar Trinidin. I am the attorney for the petitioner in a joint consolidated petition 0474050 and 077448. This panel should grant the petition on direct appeal in 0474050. Counsel, I'm not clear. Has the government agreed to remand on that? Only on the second petition, 077448, which is the petition on the BIA's denial of the motion to reopen. And that's what you want too, right? However, there is a remaining issue on the main petition on 0474050. With respect to the second petition, yes, that's what we want. We would like to have a remand on all issues presented on briefings. Are there different terms of what you've agreed on? No. I was wondering how come there wasn't just a stipulation disposing of the case? The disagreement is that on the direct appeal, what happens is that the immigration judge made a negative credibility determination. And we are, the petition continues to appeal that issue. And the government disagrees with the petition on that. The government believes that the immigration judge was correct in Do you still want us to decide that issue, the credibility? Correct. Can we do that? Or does the Real ID Act limitation on our jurisdiction preclude us from doing that? Well, Your Honor, to the extent that the immigration judge wholly failed to even address the fact that the petitioner had offered an explanation for the discrepancies, then the immigration judge committed actually error of law by wholly failing. The Court of Appeals has indicated previously that the failure to even address the discrepancy in itself is an error. And therefore, the discrepancy cannot serve as a substantial evidence for an adverse credibility finding. So because, and in addition, the Ninth Circuit has also determined that the obligation that the BIA or the immigration judge address satisfactorily the explanation proffered is an issue of a fair hearing. That's the only thing that guarantees that a fair hearing would occur. So therefore, it is an issue of law. It is an issue of due process. And because the immigration judge wholly failed as opposed to a simple legal error? It's due process because there is a question of a fair hearing. When there is a, when the immigration judge does not consider the petitioner's explanation, then his testimony, that information is simply being excluded. So there is an issue of evidence being presented and not being considered whatsoever. So it becomes an issue of a fair hearing. Well, if the immigration judge were to say, for example, I'm not going to hear the evidence, that's one thing. But if, or announce that the evidence is not going to be considered because it's not relevant, that may be another. So where does this fall into that, your view? If the judge would have proffered an explanation for why he wouldn't hear the evidence or why he would exclude the evidence on an indisability, that would be one issue. However, here the evidence was presented and the judge simply didn't consider it at all. The IJ decision doesn't even address it. How do you know he didn't consider it? I mean, it looked to me as though he heard everything. There's no reason to doubt that he considered everything. Well, the IJ's decision merely states the fact that there was a discrepancy. And then he needed to  I mean, the judge thinks an argument is just not very persuasive, not really worth discussing separately. He just thought that the fellow lied about his priors. Correct. Strike that. We disagree. I believe that the immigration judge in that situation, he indicated that he heard it. In the transcript, towards the end of the hearing, when the attorney for the respondent was presenting the what would be close to a closing argument, he brought the issue up and the immigration judge said, yes, I heard. And yet he doesn't address, he must have. But why is the failure to address a due process error? It's a different situation when the immigration judge prevents the applicant from presenting his case at all. From the one we have in front of us, which is the case is presented. He just doesn't address the issue in his opinion. He actually says on the record, as you've indicated, and that was my recollection, that I heard your testimony. Why is that a due process violation? When there is a discrepancy, especially going to the core of the case such as here, where ultimately credibility is crucial to a discretionary determination. And the respondent provides an explanation that is reasonable. The judge is free to disagree and not believe him. However, the judge has to proffer cogent and specific reasons regarding the respondent's demeanor, the failure to answer immediately, or other specific reasons. In this case, he simply ignores it. And the fact that that and that's I don't get it. Judges do this in sentencing all the time. An argument is made. They don't address it expressly. It's argued on appeal that they must not have considered it. And we say there's no reason to doubt they considered it. They don't have to talk about absolutely everything. And we get the same thing all the time in Rule 52, findings of fact. The judge just says, I think such and such a witness was not telling the truth. He was lying or he was mistaken. And that's that. And here, I read the testimony myself, and gosh, you just don't find out about a prior until the witness finds out that you already know about it. Petitioner posits that the explanation is reasonable. What happens there is it must be noted that the order to show cause only charged crimes since he obtained his green card in 1997 or 98. All prior crimes were prior to his obtention of a green card. During the immigration proceedings, the immigration, his own attorney only addressed the issues related to after he obtained his green card and regarding to the crime and after the crime, his rehabilitation and so on. How many times has an attorney been in front of this panel, been asked a question, and he's so focused on answering a question and an issue that he doesn't actually answer the actual question? I posit, the respondent posits, that he was so focused on addressing the issues of his petition and rehabilitation after that, that immediately after that, when they went on cross-examination, the first question was, have you had any other crimes? I don't know. It was discussed with the attorney. And the respondent then, in the moment, then says no. And then he wasn't given a second thought. When he was then confronted with the crimes, then he quickly answers, oh, yes, that's true. I thought you were addressing this other, the time period after the 1993. The explanation is a reasonable one. There was no follow-up on that as far as strike that. So because it's a reasonable explanation, we argue that the judge should have addressed with explaining why he disagreed with the respondent. It's one thing when the explanation is not reasonable. However, in a case like this, when the explanation is a reasonable one, the judge should provide cogent and specific reasons. Thank you. Thank you, Counsel. Counsel, please, the Court. My name is Don G. Scroggin on behalf of the United States Attorney General in this case. To address the question that the panel just posed to Petitioner, the record is clear that the immigration judge did consider, you can look at the record at page 248, the explanation offered by Petitioner. Before we get into 047404, I just want to make sure that we're on the same page. The government has agreed that the other case, the 07 case, ought to be remanded. Yes, Your Honor. And there are no disagreements as to the terms of the remand with Petitioner? We've not had negotiations. No, but I mean, as far as you know, your position doesn't differ from the Petitioner's on that. As far as I'm aware, Your Honor, no. And what would the scope of the remand be? The scope of the remand would be for the Board to readdress the applicability of this Court's holdings in Rivera-Sanchez to this case and to reexamine whether or not Petitioner's conviction was for an aggravated felony. Another issue that would require remand is for the Board to address whether or not there was equitable tolling. Now, the Board did mention equitable tolling in its opinion, but I think it's important for the Court to understand this is the context of the 07 case is the Board's denial of an untimely motion to reopen. And because of that, we must set aside the untimeliness first in order to address the merits. This is not an asylum case, so we're not dealing with changed country conditions. Is that issue before us in the sense that we can decide whether or not equitable tolling should apply? The Board mentioned equitable tolling, but the component of equitable tolling that is not before the Court is due diligence. The Board never addressed due diligence. And I would suggest that the Board had the opportunity to address it, didn't it? They did have an opportunity to address it, Your Honor. But it was not raised by Petitioner, so it was not before them to be addressed. That would be one component of equitable tolling that the Board is uniquely qualified to address. The Court cannot address an intensely factual-based inquiry as to whether or not Petitioner demonstrated due diligence. I don't remember what the issue was on due diligence. Was there a long time between when Figueroa hired his new lawyer and when or when he found out that Pineda had breached his duty to him and when he filed his motion to reopen? Your Honor, the sequence of events is addressed in the briefs, but the question of whether or not this constitutes due diligence was never raised to the Board to be addressed. And so it's hard to answer in the abstract. By either party, though. By either party. And for that reason alone, it seems in the government's view conclusive that the Court should remand the 07 case. The 04 case, in contrast, should not be remanded. It should be dismissed in its entirety. And the reason is the Court lacks jurisdiction on several grounds. The arguments that Petitioner wishes to raise in the context of that case were never exhausted. But moreover, this is a – this is a – Which argument is that? Adverse credibility? No, the adverse credibility was exhausted. I'll agree. But not – what was not exhausted was the question of whether or not the Petitioner's conviction was an aggravated felony, whether or not he's eligible for cancellation of removal, or in this case it's called suspension of deportation, whether or not the immigration judge used a heightened standard for purposes of weighing the equities in deciding a discretionary decision for 212C waiver. There are several grounds on which the 04 case – on which the Court lacks jurisdiction in the 04 case. First, the Board found that this was an aggravated felony. Even if this Court were to set that aside and determine on the basis of its own holdings that the conviction was not an aggravated felony, it is undisputed that sale or transportation of heroin relates to a controlled substance. And Petitioner would remain removable on that ground. He was charged with two grounds of removability. He'd be removable, but it changes the presumption. Is that right? He would be – he would remain removable. And I'm not sure, Your Honor, the presumption regarding – regarding what? I thought if it was – if it was an aggravated felony, he'd have a – I can't remember the words, but as I recall, he'd have a harder burden to carry. It's unclear from the record whether the immigration judge did impose a heightened standard, but you're correct. An aggravated felony would normally lead the immigration judge to have a heightened standard in weighing the equities for 212C waiver. But my point, rather, is that Petitioner remains removable on a ground that's unchallenged, and that is his – his ground of having been convicted of an offense that relates to a – I don't think there's an issue on removability, just 212C relief, right? Correct, Your Honor. There's also – because the conviction under the ground of related to a controlled substance is not an aggravated felony, he might also be eligible for other relief, such as suspension of deportation, another issue that has not been addressed and was not addressed in the – in the 04 case. Now, what's your position on the Petitioner's due process challenge as to whether that issue was exhausted before the BIA or not? Well, the – with respect to the 04 case, Your Honor? Yes. The only issue before the Court in the 04 case is the 212C denial and the adverse credibility. This Court has held that the discretionary denial of 212C is, by definition, another ground of – No, I agree with you on that. I – the question I have is somewhat different. I mean, in the argument today, and counsel alleges that there was a due process violation in the underlying procedures, and if there is a colorable due process violation, then that's something over which we would have jurisdiction. Well, to the contrary, Your Honor, with all due respect, the only issue in the 04 case is a discretionary denial of 212C relief. Well, for example, I mean, if the Petitioner were prevented by the I.J. from presenting his or her case at all, that would certainly be a colorable due process issue over which we would have jurisdiction, not to reach the merits – I agree with you on that – but to remand or see what the – to grant relief on that basis. The government's position is that there is – and my – the government's understanding of this Court's position is that there is no liberty or property interest in discretionary relief such as 212C, and that there could be no colorable due process issue relating to a discretionary denial of 212C. Moreover, it was not exhaustive. Do you need this contention? I mean, if I understand your reply to Judge Thomas's question, the Petitioner could say, I want to testify, and the I.J. could say, no, I won't let you testify. I don't want to hear from you, and I'm going to decide that you're a liar, and that's why I'm not letting you testify. The Petitioner would then tell us, that was a due process violation. It wouldn't allow me to be heard. And you would say, we have no jurisdiction over that. It doesn't matter if it's a colorable constitutional claim or not. I'm merely pointing out that the Court's – Do you need to establish that proposition? No, we don't need to establish that in this case. The Court did not reach that decision in this case because there are many other easier grounds for dismissing the 04 petition. Well, one of those was the one I raised to you initially. I don't think I understood quite your answer. My question to you specifically was, was the due process argument that's been presented here today exhausted before the BIA? No, it was not, Your Honor. The issue that was raised in the brief to the Board was the adverse credibility issue, which is again raised in the brief to this Court in the 04 case. As a consequence – Because if it were, and I just want to follow through with the logic, the Board in this case affirmed without opinion granting the IJ's – essentially saying that the IJ's decision was a final agency action in such cases when there's a procedural due process violation alleged to the Board. We have remanded saying the Board is not free to ignore a colorable due process allegation made in the briefs because otherwise there's no agency appellate review. So that was one of the reasons for my question, not only jurisdictional, but to make sure that the issue wasn't presented to the Board, and the Board simply said, okay, the final agency decision is the IJ's decision, and the due process violation was not addressed at all. Correct, Your Honor. It was not addressed, and the Court need not reach that issue because of the lack of exhaustion. Again, the government's position is the 04 case – Wait a minute. What are you saying? The due process claim has to be exhausted before the Board? The Board could have addressed such a due process question were it raised. It could have addressed all kinds of due process violations, but there are some due process violations that don't have to be raised before the Board. Correct. A constitutional challenge, for example – But a due process – Or saying that the statute itself violates due process need not be raised because the Board cannot address a constitutional challenge to the statute. However, when it relates to the procedures of the Board and the procedures before the immigration judge, the Board can address that, and this Court has held that that's the kind of due process issue that should be exhausted before the Board. It was not raised. I think that's the kind of due process challenge that is being made in this case. It is. Namely, the fairness of the procedure employed by the IJ. It is, and it's late, Your Honor, The Government's position is Petitioner is free to raise all of these issues, indeed any issue he wishes, in the context of the remand of the 07 case. There's no prohibition on his arguing that before the Board if he wishes. So that we're not willing – The Government is unwilling to waive the exhaustion issue on the 04 case because that is fundamental and generic, but we are open to the Board's reconsidering  and also any arguments the Petitioner wishes to raise upon review. So the plan is to let him just take another shot because his first lawyer was Pineda, who's been disbarred and rendered ineffective assistance. That would be an issue for the Board to address, whether or not a failure to argue that his conviction was not an aggravated felony constitutes – Right. I think the question that was – your bottom line is it's an open remand. Yes. We're open on that. Right. Thank you. Thank you, Counsel. Counsel. May it please the Court. Your Honor, with respect to the terms of the remand, I was referring specifically to page 36 of the Respondent's brief, where they indicate that the Board should not be limited from further considering all other issues raised in the motion to reopen. So we also would request that the denial based on the fact that a prior attorney did never bring a motion to reopen based on the back injury that the Respondent had suffered during the pendency of the case before the BIA should also be remanded to the Court. Right. Well, I understand – if I understand the Government's position, the Government is supportive of an open remand where the Government gets to raise all of its issues and you get to raise all of your issues, so isn't that what you want? Yes, on that issue. If that's the terms, then yes, we agree with that. Isn't that the best we can do for you today? On the second petition. Well, the first petition can be more or less litigated again, at least the key ones in the motion to reopen. Yes. If everything is sent back to the immigration judge, I believe that the petitioner would finally have a proper opportunity to present his full case. I mean, the Government will have a full opportunity to present its defenses too, and there are some predicate hurdles. I think the Government has conceded you get a second shot at this, subject to all their defenses and everything else you want to raise. Correct, with respect to the second petition. I would like to address finally the fact that the issue of whether the immigration judge had violated the law in not addressing cogent specific, not providing cogent and specific reasons for ignoring the explanation was addressed in the prior petitioners. I will stop here. I think it's concluded. Thank you, counsel. Figueroa v. Holder is submitted.
judges: Kleinfeld, Tashima, Thomas